DEPARTMENT OF TREASURY *v.* CITY OF MICHIGAN CITY.

[No. 28,077. Filed May 14, 1945. Rehearing Denied
June 13, 1945.]

*James A. Emmert,* Attorney General, and *John J. McShane* and *Winslow Van Horne,* Deputy Attorneys General, for appellant.

*Ross, McCord, Ice & Miller,* of Indianapolis, for appellee.

YOUNG, J.—This is a companion case to *Department of Treasury* v. *City of Linton, Department of Treasury* v. *City of Tipton,* and *Department of Treasury* v. *City of Evansville,* all of which cases were decided contemporaneously with this case and are reported at pages 363, 373 and 435, respectively of this volume.

The City of Michigan City in certain years since 1937, had collected money from a tennis association for use by its members of park tennis courts. It had also rented park concessions for refreshment stands and similar purposes at stipulated rentals. It had also collected compensation for runs by its fire department outside the city limits. It had also sold fertilizer which it had

produced as a by-product in the operation of its city sewage disposal plant.

The State contended that receipts from these sources by the city were taxable under the 1937 amendment to the Gross Income Tax Law cited in the Linton and Evansville cases. The city paid the taxes, filed a statement and petition for refund and upon denial brought this action.

The lower court held receipts from concession rentals and receipts from the sale of fertilizer to be taxable, but held income paid to the city by the tennis association and payments made to the city for out of town runs by the fire department, to be non-taxable.

The State filed its motion for a new trial, challenging the court's ruling on the tennis association payments and fire department run payments. The motion for a new trial was overruled and this appeal brings the taxability of these two items before this court. The city did not challenge the ruling upon the items held taxable and they are not before us.

The payments made to the city by the tennis association were not in the nature of association dues. The money so paid may have been received by the association as dues, but the payments were made to the city by the association for the use of city park tennis courts. Upon the authority of the *Department of Treasury* v. *City of Evansville, supra,* we hold these payments to be taxable.

This court has held recently that the operation of a fire department by a city is in its governmental capacity and that such operation does not constitute a proprietary activity, and in the same case it is held that this is true even when the city furnishes the service of its fire department to another town for compensation. *City of Indianapolis* v. *Butzke* (1940),

217 Ind. 203, 213, 26 N. E. (2d) 754, 27 N. E. (2d) 350. Under the authority of the case just cited the City of Michigan City did not engage in a private or proprietary activity when it sent its fire department outside its city limits and collected for such service. This being true, it follows upon the authority of the *Department of Treasury* v. *City of Evansville, supra,* that income from such activity is not taxable.

In this case as in its companion cases, appellee has argued the exercise of the police power and the taxing power and the power of eminent domain and exemption from property tax as grounds for saying that the activities involved are public and not private or proprietary within the 1937 amendment to the Gross Income Tax Law. We have discussed the city's position in these respects at length in *Department of Treasury* v. *City of Linton, supra,* and for the reasons there stated are unconvinced by the same arguments in this case.

Having found the city's receipts from the tennis association were taxable it follows that the court erred in ordering refund of the taxes paid on that account.

The judgment is therefore reversed with instructions to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.

Note.—Reported in 60 N. E. (2d) 947.